UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

JS 6

| Case No. | EDCV 11-1186-DSF (DTBx) | Date | 9/12/11 |
|---|---|---|---|
| Title | Nicholas R. Balsamo v. Jaguar Land Rover North America, LLC, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS): ORDER REMANDING CASE TO STATE COURT

On July 27, 2011, this action was removed based on 28 U.S.C. §§ 1441(b) and 1331. On August 19, 2011, Plaintiff amended his Complaint to abandon his claim under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq. As this federal claim was the only stated basis for subject matter jurisdiction, the Court now has discretion to retain or to remand the supplemental claims. See 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988) (finding the district court had discretion to remand state claims where plaintiffs amended their complaint to abandon the federal claim that was the basis for subject matter jurisdiction). Given that this litigation is at a very early stage, and that Plaintiff has stated in the Joint Rule 26(f) Discovery Report, that he seeks remand, the Court remands this matter.[1] See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." (quoting Carnegie-Mellon, 484 U.S. at 350 n. 7)); § 1367(c) Comm. on 1988 Rev.

Defendant claims that the Complaint's allegations support diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff is a resident of California and Jaguar Land

---

[1] The Court agrees with Defendant that it has jurisdiction to retain the matter; it simply declines to do so. Defendant argues that Plaintiff should not be allowed to "forum shop," but Plaintiff never sought to have his action heard in federal court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS 6

Rover North America, LLC is not. (Joint Rule 26(f) Disc. Report at 2.) However, where a limited liability company is joined as a party, the Court must consider the citizenship of each of its members. The citizenship of each of the entity's members must therefore be alleged. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Also, citizenship of a natural person for diversity purposes is not based on residence, but on domicile – that is, residence with the intent to remain. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

Because the Complaint does not establish diversity jurisdiction and Defendant did not address citizenship in its Notice of Removal, Defendant has not met its burden of establishing that the Court has diversity jurisdiction.

IT IS SO ORDERED.